**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-6693 |
| Plaintiff - Appellee, | D.C. No.<br>3:22-cr-08092-SMB-7 |
| v. | |
| BRENDA LISA BARLOW, AKA Brenda Barlow, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted May 26, 2026[**]

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Brenda Lisa Barlow appeals pro se from the district court's order denying her motion to vacate her criminal judgment and her motion for reconsideration of that order. We have jurisdiction under 28 U.S.C. 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Barlow contends the district court erred in determining that she could not rely on Federal Rule of Civil Procedure 60 to vacate her criminal judgment for conspiracy to commit tampering with an official proceeding, in violation of 18 U.S.C. § 1512(k). There was no error because the court properly concluded that Rule 60 applies only to civil actions. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings[.]"). Moreover, the court did not abuse its discretion in denying Barlow's motion for reconsideration. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (stating standard of review and circumstances when reconsideration is appropriate).

**AFFIRMED.**